UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DALLAS BUYERS CLUB, L.L.C., ET AL.            CIVIL ACTION

VERSUS

DOE-174.64.14.54, ET AL.            NO.: 16-00112-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion for Default Judgment (Doc. 34)** filed by Plaintiffs Dallas Buyers Club, LLC and Glacier Films (USA), Inc., in which Plaintiffs seek a default judgment against Defendant Jeffery Johnson.[1] Jurisdiction is proper under 28 U.S.C. § 1331. For the following reasons, the **Motion for Default Judgement (Doc. 34) is GRANTED.**

I.    BACKGROUND

Plaintiffs allege that Defendant unlawfully reproduced and distributed their copyrighted movies—Dallas Buyers Club and American Heist—over 250 times, using a peer-to-peer file transfer program called BitTorrent. (Doc 27. at ¶¶ 8, 18, 44). Plaintiffs sued Defendant for copyright infringement under 17 U.S.C. § 106. *Id.* at ¶ 53. Plaintiffs seek statutory damages, attorney's fees, and costs under § 504 and § 505. *Id.* at ¶ 58. Plaintiffs also seek an injunction barring Defendant from, among

---

[1] Plaintiffs initially filed suit against an IP address, 174.64.14.54. (Doc. 1). However, after conducting an investigation, Plaintiffs filed an Amended Complaint to allege that the IP address was associated with Jeffrey Johnson. (Doc. 27). The Amended Complaint substituted Jeffrey Johnson for the IP address as a Defendant. (Doc. 27).

1

other things, infringing Plaintiffs' rights, and from using BitTorrent to distribute any content in violation of U.S. copyright law. *Id.* at p. 15.

The Clerk of Court entered a default on December 5, 2016. (Doc. 32). Plaintiffs then filed the pending Motion for Default Judgment. (Doc. 34).

## II. LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit has adopted a three step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *NewYork Life*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment,

2

and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, the Court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

## III. DISCUSSION

### A. Default Judgment is Appropriate under the *Lindsey* Factors

The Court must first decide whether the entry of default judgment is appropriate under the circumstances, by considering the *Lindsey* factors. First, there are no material facts in dispute because Defendant failed to file an Answer or motion under Rule 12. Second, it is undisputed that Defendant has not responded to any of Plaintiffs attempts to contact him. Third, the grounds for granting a default judgment against the Defendant are clearly established, as evidenced by the action's procedural history and the Clerk's entry of default. Fourth, the Court has no basis to find that Defendant's failure to respond was the result of a good faith mistake or excusable neglect because the Defendant has failed to respond to Plaintiffs or to the Court. Fifth, Defendant's failure to file any responsive pleading or motion mitigates the harshness of a default judgment. Finally, the Court is not aware of any facts that

would lead it to set aside the default judgment if challenged by the Defendant. The Court therefore finds that the six *Lindsey* factors weigh in favor of default.

B.  **The Sufficiency of the Pleadings**

The Court must also determine whether Plaintiffs' pleadings provide a sufficient basis for a default judgement. Plaintiffs sued Defendant for copyright infringement under 17 U.S.C. § 106. A plaintiff must establish two elements for a valid copyright infringement claim: "(1) ownership of a valid copyright, and (2) the copying of constituent elements of the work that are original." *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017) (quoting *Fiest Publ'ns, Inc. v. Rural Tel., Serv., Co.*, 499 U.S. 340, 361 (1991)). A claimant must also show volitional conduct in direct copyright-infringement cases. *See BWP Media*, 852 F.3d at 444. Reproducing or distributing copies of copyrighted movies over a peer to peer file transfer system constitutes copyright infringement. *Sony Pictures Home Entertainment, Inc. v. Lott*, 471 F. Supp. 2d 716, 721 (N.D. Tex. 2007).

Here, Plaintiffs allege that Defendant distributed their copyrighted movies for several days in January of 2016, and in total Plaintiffs' investigator confirmed over 250 instances where Defendant distributed Plaintiffs' copyrighted movies. (Doc. 27 at ¶ 44). Therefore, Plaintiffs have demonstrated a sufficient basis for default on Plaintiffs copyright infringement claim. Plaintiffs motion for default judgment is granted.

C. Plaintiff's Requested Relief

Plaintiffs also request that the court award statutory damages, attorney's fees, costs, and that the court issue an injunction against Defendant. The court will address each of these requests for relief in turn.

*1. Statutory Damages*

Plaintiffs seeks $15,000 in statutory damages under 17 U.S.C. § 504. (Docs. 24 at p. 15 and 34-2 at p. 5). A copyright owner may elect to recover statutory damages for all infringements "with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). A finding of willful infringement may "increase the award of statutory damages to a sum or not more than $150,000." 17 U.S.C. § 504(c)(2). Here, statutory damages of $15,000 are reasonable considering the that Plaintiffs allege that Defendant actively distributed Plaintiff's copyrighted work over 250 times. (Doc. 27 at ¶ 44). Indeed, in a similar case where a defendant distributed copyrighted movies over a peer to peer file transfer site, the U.S. District Court for the Eastern District of Louisiana awarded a plaintiff $15,000 in statutory damages. *See QOTD Film Investment, Ltd. v. Walther*, 16-CV-2803 (E.D. La. Mar. 9, 2017), ECF. No. 32. Thus, the Court finds that Plaintiffs' request for $15,000 in statutory damages is reasonable and shall be granted.

*2. Attorney's Fees and Costs*

Plaintiffs seek $7,848.50 in attorney's fees and $729.47 in costs. (Doc. 34 at p. 9). Under 17 U.S.C. § 505, courts have the discretion to grant the prevailing party

5

reasonable attorney's fees and costs. "The award of attorneys' fees in copyright cases is the rule rather than the exception, and should be awarded routinely." *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 411 (5th Cir. 2004) (internal quotation marks omitted)

Courts use a two-step process to calculate reasonable attorney's fees. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, using twelve factors.[2] *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours expended and the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933 (1983).

Plaintiffs submitted an affidavit indicating that Attorney Patrick H. Patrick billed 0.70 hours at a rate of $295.00/hour, Attorney Pierre V. Miller II billed 25.60 hours at a rate of $295.00/hour and a paralegal billed 0.60 hours at a rate of $150.00/hour, for a total of $7,848.50. (Doc. 34-1 at p. 10). The Court finds that these fees are reasonable. In particular, the Court notes that Plaintiffs were required to

---

[2] "The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Migis*, 135 F. 3d at 1047.

expend significant time to obtain additional discovery to identify Jeffrey Johnson as the person associated with the IP address allegedly distributing Plaintiffs' movies. Therefore, the Court finds that $7,848.50 is an appropriate award for attorney's fees. The Court also finds that $729.47 in costs, comprised of a filing fee, subpoena service, and postage is reasonable. (Doc. 34 at p. 9).

### *1. Permanent Injunction*

Plaintiffs also seek a permanent injunction enjoining Defendant from infringing on the Plaintiffs rights by using the internet to reproduce, distribute, or copy Plaintiffs' movies, to direct Defendant to destroy all unauthorized copies of Plaintiffs' movies, and to enjoin Defendant from using the BitTorrent network to distribute content in violation of U.S. copyright law. (Doc. 27 at p. 15). Under § 502(a), a court may grant a permanent injunction on terms it finds reasonable to prevent or restrain copyright infringement. 17 U.S.C. § 502(a). For a permanent injunction to issue, a party must demonstrate: (1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury outweighs any damage to the defendant; and (4) that the injunction will not disserve the public interest. *See DSC Comms. Corp. v. DGI Tech., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Here, Plaintiffs have satisfied all of the aforementioned requirements, and therefore this Court grants the permanent injunction.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Default Judgment (Doc. 34)** filed by Plaintiffs is **GRANTED**.

**IT IS ORDERED, ADJUDGED, and DECREED** that:

1. An award of statutory damages is hereby entered in favor of Plaintiffs, Dallas Buyers Club, LLC., and Glacier Films (USA), Inc., and against Defendant, Jeffrey Johnson, in the amount of $15,000.00, plus interest as provided by law from date of this judgment until paid.

2. An award of attorney's fees is hereby entered in favor of Plaintiffs, Dallas Buyers Club, LLC., and Glacier Films (USA), Inc., and against Defendant, Jeffrey Johnson, in the amount of $7,848.50, plus interest as provided by law from date of this judgment until paid.

3. An award of costs is hereby entered in favor of Plaintiffs, Dallas Buyers Club, LLC., and Glacier Films (USA), Inc., and against Defendant, Jeffrey Johnson, in the amount of $729.47, plus interest as provided by law from date of this judgment until paid.

4. Defendant is permanently enjoined from directly, indirectly or contributorily infringing Plaintiffs' rights, including without limitation by using the internet to reproduce or copy Plaintiffs' Motion Pictures, to distribute Plaintiffs' Motion Pictures, or to make Plaintiffs' Motion Pictures available for distribution to the public, except pursuant to a

lawful license or with the express authority of Plaintiffs. It is further ordered that Defendant shall destroy all unauthorized copies of Plaintiffs' Motion Pictures. It is furthered ordered that Defendant Jeffrey Johnson destroy all unauthorized copies of Plaintiffs' Motion Pictures. Defendant Jeffrey Johnson is also permanently enjoined from using the BitTorrent network to distribute content in violation of U.S. copyright law.

Baton Rouge, Louisiana, this 18th day of October, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA